**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODERICK E. THEIS II,<br><br>       Plaintiff - Appellant,<br><br> v.<br><br>INTERMOUNTAIN EDUCATION SERVICE DISTRICT - BOARD OF DIRECTORS; MARK S. MULVIHILL, Superintendent, in their official capacity; AIMEE VANNICE, Assistant Superintendent and Director of Human Resources, in their official capacity<br><br>       Defendants - Appellees. | Nos. 25-5641, 25-8039<br><br>D.C. No.<br>2:25-cv-00865-HL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Andrew D. Hallman, Magistrate Judge, Presiding[**]

Argued and Submitted April 13, 2026
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.
Partial Concurrence by Judge VANDYKE.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to trying the case before a magistrate judge. *See* 28 U.S.C. 636(c).

In these companion cases, Roderick E. Theis II appeals from (1) the district court's order partially denying his motion for a preliminary injunction, and (2) the district court's denial of his motion to enforce that injunction. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1292(a)(1) over the first appeal (No. 25-5641), which we affirm.[1] We dismiss the second appeal (No. 25-8039) for lack of jurisdiction.

1. As a preliminary matter, we deny Defendants' motion to dismiss these appeals on mootness grounds. Contrary to Defendants' contention, these appeals are not moot solely because Theis's employment has been terminated and he no longer has access to the offices in which he displayed the books. A case becomes moot only when it is no longer possible for a court to grant "*any* effective relief." *Health Freedom Defense Fund v. Carvalho*, 148 F.4th 1020, 1026 (9th Cir. 2025) (emphasis in original) (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986)). Even after termination, courts may grant equitable relief, including reinstatement or expungement of adverse employment actions. *Id*. at 1026–27; *Garcia*, 805 F.2d at 1402. Because Theis seeks prospective relief and the challenged policy remains in force, effective relief remains available. These appeals are therefore not moot.

---

[1] Theis's free speech claim is addressed in a concurrently filed opinion. This memorandum disposition resolves his remaining claims.

2. We lack jurisdiction over Theis's appeal from the district court's denial of his motion to enforce the preliminary injunction (No. 25-8039).  Under 28 U.S.C. § 1292(a)(1), appellate jurisdiction extends to interlocutory orders granting, denying, or modifying injunctions.  However, an order that merely interprets or applies an existing injunction, without altering its terms, is not immediately appealable.  *Pub. Serv. Co. of Colo. v. Batt*, 67 F.3d 234, 236–37 (9th Cir. 1995).  Here, the district court's order denying Theis's motion to enforce did not modify the injunction or change the parties' obligations.  Instead, it concluded that the injunction did not prohibit Defendants from disciplining Theis for displaying the books in the presence of students.  Because the order left the injunction "in effect by force of its own terms," it is not appealable.  *Id*. at 236; *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1418 n.4 (9th Cir. 1984).

3. With respect to Theis's appeal of the district court's partial denial of his motion for a preliminary injunction (No. 25-5641), Theis is unlikely to succeed on his Free Exercise claim.  While the Free Exercise Clause protects against laws that target religious practice, it does not relieve an individual from the obligation to comply with a neutral, generally applicable rule.  *See Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 879 (1990), *superseded by statute on other grounds as stated in Ramirez v. Collier*, 595 U.S. 411, 424 (2022).  A law is not neutral or generally applicable if it is specifically directed at religious conduct or if

3                                                                                          25-5641

it provides a system for individualized exemptions. *Fulton v. City of Philadelphia*, 593 U.S. 522, 533–34 (2021).

InterMountain Education Service District's ("IMESD") policy, applied here, is neutral and generally applicable. It regulates employee conduct in student-facing professional settings and applies without regard to whether that conduct is religiously motivated. Nothing in the record suggests that the policy targets religious expression or was adopted because of disagreement with religious views. Although Theis contends that his display of the books reflects his religious beliefs, the Free Exercise Clause does not provide a right to engage in conduct restricted by a workplace rule simply because that conduct is religiously motivated. *See Smith*, 494 U.S. at 878–79. Because the policy applies evenhandedly, it is subject to rational basis review, *see Fulton*, 593 U.S. at 533, which it readily satisfies.

4. Theis's due process claim also fails because Theis received adequate notice and an opportunity to be heard through IMESD's investigation and multi-level appeal process. *See United States v. Williams*, 553 U.S. 285, 304 (2008) (A statute "fails to comport with due process if . . . [it] fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.").

4                                                          25-5641

**Appeal No. 25-5641: AFFIRMED.[2]**

**Appeal No. 25-8039: DISMISSED for lack of jurisdiction.**

---

[2] The Motions for Leave to File Amicus Briefs by Parents Rights in Education, Defending Education, NC Values Institute, and Advancing American Freedom, Dkt. Nos. 18, 20, 23, and 26, are GRANTED. Appellees' Motion for Judicial Notice, Dkt. No. 34, is DENIED.  Appellant's Motion to Strike Brief or Portion of Brief, Dkt. No. 36, is DENIED.  Appellees' Motion to Dismiss, Dkt. No. 52, is DENIED.

25-5641

FILED

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Theis v. Intermountain Education Service District - Board of Directors, et al.*. Nos. 25-5641, 25-8039

VANDYKE, Circuit Judge, concurring partially in the judgment:

I join the majority in denying Defendants' motion to dismiss these appeals on mootness grounds and agree that we lack jurisdiction over Theis's appeal from the district court's denial of his motion to enforce the preliminary injunction. But because—as explained in my dissent from the concurrently filed opinion—I would reverse the district court and rule in Theis's favor on his free speech claim, I would not reach Theis's Free Exercise or due process claims.

1